# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                        **ORDER OF DETENTION PENDING TRIAL**

__STACY ASHLEY__                          Case Number: 12-20103-02-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 18, 2012                    s/ David J. Waxse
                                                                               *Signature of Judicial Officer*

                                                   DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                              *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Stacy Ashley
Criminal Action 12-20103-02-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The law provides a series of factors I have to consider in determining whether there are conditions of release that can be set.

The first factor is the nature and circumstances of the offense charged and whether it involves a controlled substance. It clearly does so that is a negative.

The next factor is the weight of the evidence and it is clearly negative.

The next factor is your personal character, which includes physical condition, mental condition, and family ties, which are generally positive.

Your employment is negative.

The next factor is your financial resources. There is no indication that you have substantial resources that would enable you to flee so that is positive.

Length of residence in the community is positive.

Past conduct and history relating to drug or alcohol abuse is clearly negative.

Your criminal history is mixed. There are some problems but not substantial problems.

There is no indication of failures to appear in previous court proceedings so that is positive.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release pending trial. It does not appear that you were.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. That is a big problem because obviously you have done something that caused the death of another person.

The biggest problem is that with these type of charges the law provides a presumption that you should be detained unless you rebut that presumption. Were it not for that presumption, I could probably find that there are conditions that could be set. I do not think you have overcome that presumption so you will remain detained.